## COREN & ASSOCIATES, P.C.
*Counsellors at Law*
228 EAST 45th STREET- 17TH FLOOR
NEW YORK, NEW YORK 10017

(212) 371-5800
FAX (212) 371-6785
info@capclaborlaw.com

STEVEN M. COREN

ERIC SU

Of Counsel:
STEPHEN C. COOPER

LONG ISLAND OFFICE
1010 FRANKLIN AVENUE
GARDEN CITY, NY 11530
(631) 724-6400

December 10, 2008

**VIA ECF**
Hon. Denis R. Hurley, USDJ
US District Court, EDNY
100 Federal Plaza
P.O. Box 9014
Central Islip, NY 11722

      Re:    *Lynch, et al. v. Inter-County Building Materials, et al.*
             *EDNY Case No. 05cv1801 (DRH)(WDW)*

Your Honor:

      We are counsel for Defendants in the above-referred action. Previously, by letter dated November 14, 2008, we advised the Court that we had learned of a Chapter 7 Bankruptcy filed on September 16, 2008 concerning Defendants. By letter also dated November 14, 2008, Plaintiffs pointed out out that an involuntary bankruptcy petition was filed against Inter-County Building Materials Corp. ("Inter-County"), a defendant in the above-referred case, but Inter-County Building Materials Hampton Corp. ("Inter-County Hampton"), a co-defendant, was not a debtor or subject to the automatic stay. Counsel suggested "bankruptcy on the record with respect to Inter-County." By Order dated November 17, 2008, the Court stayed the entire matter. Thereafter, Plaintiffs' filed a letter request dated November 25, 2008 seeking an order lifting the stay as to Inter-County Hampton. This letter sets out Defendants' response thereto as directed by the Court.

      Initially, we are constrained to report that we are unable to communicate directly with Edward Watras ("Watras"), the President and sole shareholder of both Defendants. The information conveyed in this letter about Defendants comes from Ronald Weiss, Esq., Defendants' bankruptcy counsel. Mr. Watras has been hospitalized, is incoherent and unable to speak. Neither company is operating.

      Second, as to the Inter-County bankruptcy, there is a dispute as to who will be the bankruptcy trustee. It seems that the creditors who filed the involuntary petition are seeking to elect a trustee but an appointed trustee remains in place. Upon information and belief, no claims have been filed and a claim filing period was just established on or about December 5, 2008. As to the

Hon. Denis R. Hurley, USDJ                                      December 10, 2008
US District Court, EDNY                                         Page two

petition itself, it seems that the filing creditors did not know Defendants' corporate structure and included Inter-County Hampton as another "name" for Inter-County.

Third, Inter-County and Inter-County Hampton are completely intertwined. The two companies have the same governance and command structure - Watras is the sole officer and shareholder for both companies. The two companies have the same creditors. Inter-County is the older, larger and more established entity. Inter-County Hampton is an off-shoot or a satellite with no real independence from Inter-County. Inter-County holds nearly all the known assets (consisting of cash on hand and real property). Inter-County Hampton owns no real property and its banking was controlled by Inter-County.

Fourth, at the last creditors meeting, there was some discussion as to whether a second bankruptcy case will be commenced against Inter-County Hampton to protect any assets it may possess. Assuming that the Court were to lift the stay as to Inter-County Hampton and thereby permit the present case to continue as to that entity, it is more likely than not that the bankruptcy trustee would view this as Plaintiffs' attempt to secure assets to potentially satisfy their disputed claim and the bankruptcy trustee will seek to prevent Plaintiffs, as creditors, from obtaining any advantage or preference.

Under the unusual circumstances presented, it would be unreasonable and inappropriate to permit the case to proceed as against Inter-County Hampton. Under the teaching of *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 164-65 (1936), a district court must balance the interests involved when entering a stay. Here, we believe that the Court has acted wisely by invoking its own discretionary power to issue a stay of the entire matter which we presume was done in the interest of justice and in control of its docket. In addition, until the bankruptcy case is sorted out, it is reasonable to assume that Plaintiffs' claims against Inter-County Hampton will be deemed related to Inter-County's bankruptcy and may be included within the ambit of federal bankruptcy jurisdiction under 28 U.S.C. § 1334, *et seq*. As the United States Supreme Court has noted, "related to" bankruptcy proceedings include (1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541, and (2) suits between third parties which have an effect on the bankruptcy estate. *See Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n. 5, 115 S.Ct. 1493 (1995). Clearly, Plaintiffs' claims against Inter-County Hampton, more likely than not, have an effect on the bankruptcy estate.

Moreover, Plaintiffs' claims against Inter-County Hampton are plainly "related to" the bankruptcy of Inter-County since the outcome of any claims against Inter-County Hampton may likely increase Inter-County's estate. This is sufficient to invoke "related to" bankruptcy jurisdiction. *See In re Dow Corning*, 86 F.3d 482 (6th Cir.1996)(where a relatively small number of non-debtor co-defendants were closely related to pending breast implant litigation against debtor Dow Corning, a claim of contribution by the co-defendants against Dow Corning, even if only intended and not yet

Hon. Denis R. Hurley, USDJ  
US District Court, EDNY

December 10, 2008  
Page three

asserted, was sufficient to invoke "related to" bankruptcy jurisdiction).

      Because of the plain relatedness of Plaintiffs' claims against Inter-County Hampton to the Inter-County bankruptcy and the real and subsisting issue of Mr. Watras' inability to assist counsel, the most reasonable and prudent course is to maintain the stay of the entire matter.

Very truly yours,

Steven M. Coren

SMC/es

cc: B. Sollars, Esq. - Cohen, Weiss and Simon - via fax (646) 473-8211  
    R. Weiss, Esq. - via fax (631) 271-3784  
    A. Thaler, Esq., Chapter 7 Trustee, 90 Merrick Avenue, Suite 400, East Meadow, 11554